UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CADEN HORNE,<br><br>Plaintiff,<br><br>v.<br><br>BIOLIFE PLASMA L.L.C.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:26-cv-00020-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Now before the court is Defendant BioLife Plasma L.L.C.'s Motion to Dismiss.[1] For the reasons explained below, the court GRANTS the Motion.

## BACKGROUND[2]

Plaintiff Caden Horne is a resident of Weber, Utah.[3] BioLife Plasma L.L.C. (BioLife) operates a plasma donation center located in Ogden, Utah.[4] To extract plasma, BioLife utilizes an apheresis machine.[5] An apheresis machine attaches to a donor's arm, draws blood from the individual, separates the plasma from the red bloods, and returns the red blood cells into the body.[6]

[1] Dkt. 4, *Defendant BioLife Plasma L.L.C.'s Motion to Dismiss* (*Motion*).

[2] *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (stating the court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff).

[3] Dkt. 1-1, *Complaint* ¶ 1.

[4] *Id.* ¶¶ 8–9.

[5] *Id.* ¶¶ 10–12.

[6] *Id.*

On January 6, 2022, Horne attempted to donate plasma at BioLife.[7] A nurse attached an apheresis machine to Horne's left arm and, at some point during the donation process, the machine began beeping repeatedly.[8] Horne remained connected to the beeping machine for approximately eight to ten minutes.[9] The attending nurse then removed the apheresis machine from Horne's left arm and attached it to his right arm.[10] The machine "again malfunctioned."[11] In all, approximately two units of blood were extracted from Horne's body and he nearly passed out multiple times during the process.[12] Horne alleges he contracted Hepatitis C and fatty liver disease as a "direct result of the collision."[13] Horne also alleges he suffered bodily injuries, pain and suffering, disability, mental anguish, medical expenses, and diminished capacity to enjoy life and earn a living.[14]

On January 5, 2026, Horne filed a Complaint in the Second Judicial District Court in Weber County, Utah.[15] Horne alleges three causes of action: (1) negligence; (2) negligent infliction of emotional distress; and (3) attorney fees.[16] For the negligence claim, Horne alleges: BioLife owed him a duty of care to operate its business and the apheresis machine "in a prudent and safe manner"; BioLife breached this duty by failing to operate the machine properly, failing to render appropriate medical care, failing to ensure the machine was free of bacteria, and failing

[7] *Id.* ¶¶ 8–9.

[8] *Id.* ¶¶ 10, 13.

[9] *Id.* ¶ 14.

[10] *Id.* ¶ 15.

[11] *Id.* ¶ 16. It is not clear from the Complaint whether "malfunction" refers to beeping or some other issue.

[12] *Id.* ¶¶ 16–17.

[13] *Id.* ¶ 18. It is unclear what "collision" means in this context, but the court assumes Horne refers to being attached to the malfunctioning apheresis machine.

[14] *Id.*

[15] *Id.*

[16] *Id.* ¶¶ 20–30.

to safely operate its business; and this breach directly and proximately caused Horne general and special damages.[17] Horne's allegations for negligent infliction of emotional distress include: BioLife knew or should have known its conduct could result in unreasonable risk of causing Horne emotional distress; BioLife knew or should have known the emotional distress would result in bodily harm to Horne; BioLife caused emotional distress to Horne which resulted in physical harm; and BioLife directly and proximately caused Horne to suffer severe injuries.[18] Horne seeks damages for medical expenses, lost wages, out-of-pocket expenses, and "general damages" for emotional pain and suffering, loss of enjoyment of life, [and] permanent impairment and/or disability."[19] Horne also seeks $300,000 in the event of a default judgment, interest, and reasonable attorney fees.[20]

On February 12, 2026, BioLife removed the case to this court, and subsequently filed the instant Motion on February 19, 2026.[21] The Motion is fully briefed and ripe for review.[22]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief."[23] To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[17] *Id.* ¶¶ 21–23.

[18] *Id.* ¶¶ 25–28. Horne alleges his injuries include "pain, suffering, discomfort, and emotional distress, which will continue to cause [him] pain, suffering, discomfort, and emotional distress." *Id.* ¶ 28.

[19] *Id.* at 5.

[20] *Id.* at 7.

[21] Dkt. 1, *Notice of Removal*; *Motion*.

[22] *Motion*; Dkt. 9, *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss* (*Opposition*); Dkt. 10, *Reply in Support of Motion to Dismiss* (*Reply*).

[23] Fed. R. Civ. P. 8(a)(2).

plausible on its face.'"[24] A complaint need not contain "detailed factual allegations," but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."[25] A complaint must allege "more than [the] sheer possibility that a defendant has acted unlawfully;" a complaint that pleads facts "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief."[26] To "nudge" a complaint "across the line from conceivable to plausible . . . the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[27]

In considering a motion to dismiss, the court "assess[es] whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[28] The court begins "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[29] The court then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief."[30] "The nature and specificity of the allegations required to state a plausible claim will vary based on context,"[31] but "the court need not accept conclusory allegations without supporting factual averments."[32]

---

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[25] *Twombly*, 550 U.S. at 545 (internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (stating a complaint consisting of "naked assertions devoid of further factual enhancement" is insufficient) (citation modified).

[26] *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021) (citation modified).

[27] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citation modified) (emphasis in original); *see also VDARE Found.*, 11 F.4th at 1173. ("Factual allegations must be enough to raise a right to relief above the speculative level.").

[28] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[29] *Iqbal*, 556 U.S. at 679.

[30] *VDARE Found.*, 11 F.4th at 1159.

[31] *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citation modified).

[32] *VDARE Found.*, 11 F.4th at 1159 (citation modified).

## ANALYSIS

In its Motion, BioLife argues the Complaint fails to meet the Rule 8 pleading standard.[33] Specifically, the Complaint consists of conclusory allegations with insufficient underlying facts to support the asserted claims.[34] Horne responds that BioLife mischaracterizes the Complaint and imposes "an overly demanding pleading standard."[35] Horne recites the elements for the asserted claims and restates allegations contained in the Complaint without any further analysis.[36] The court agrees that Horne has failed to state a claim upon which the court may grant relief.

Horne first asserts a claim for negligence.[37] The "essential elements of a negligence claim" are: "(1) a duty of reasonable care owed by the defendant to plaintiff; (2) a breach of that duty; (3) the causation, both actually and proximately, of injury; and (4) the suffering of damages by the plaintiff."[38] The Complaint's allegations supporting the negligence claim consist of three paragraphs that recite the elements for negligence under Utah law.[39] These paragraphs include one or two statements to support the elements.[40] For example, Horne alleges BioLife breached its duty of care "by failing to operate the machine properly, failing to render appropriate medical care to [him], failing to ensure the apheresis machine was free from bacteria and otherwise

---

33 *Motion* at 1.

34 *Id.* at 2–3, 6–11.

35 *Opposition* at 1.

36 *Id.* at 3–5.

37 *Id.* ¶¶ 21–23.

38 *Gables at Sterling Vill. Homeowners Ass'n., Inc. v. Castlewood-Sterling Vill. I, LLC*, 2018 UT 04, ¶ 55, 417 P.3d 95 (quotation marks and citation omitted).

39 *Id.* ¶¶ 21–23.

40 *See id*.

failing to operate [its] business in a safe and reasonable manner."[41] But this is insufficient. The Complaint does not include any allegations establishing what the alleged duty entails, or how the machine malfunctioned, or even that the machine was in some way contaminated.[42] Neither does the Complaint contain allegations that give rise to a plausible inference the plasma donation caused Horne to contract Hepatitis C or fatty liver disease. This inference would require the court to read facts into the Complaint, such as the nature of the diseases, possible causes, and the condition or function of the apheresis machine that plausibly suggests the plasma donation could have caused Horne to contract the diseases. Instead, the Complaint alleges a "sheer possibility"[43] that does not rise "above the speculative level."[44]

Horne's second claim—negligent infliction of emotional distress—fails for the same reasons. The allegations merely recite the elements for the claim[45] and similarly "stop[] short of the line between possibility and plausibility of entitlement to relief."[46] The Complaint does not include sufficient allegations from which the court can infer BioLife should have realized a beeping apheresis machine posed an unreasonable risk of causing emotional distress to Horne,

---

[41] *Complaint* ¶ 22.

[42] *See id.* ¶¶ 8–23.

[43] *VDARE Found.*, 11 F.4th at 1159.

[44] *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[45] *Compare Complaint* ¶¶ 25–28 (alleging "Defendant knew or should have known that the conduct could result in an unreasonable risk of causing Plaintiff emotional distress"; "Defendant knew or should have known that the emotional distress would result in bodily harm to Plaintiff"; "Defendant's conduct caused emotional harm to Plaintiff and said emotional distress resulted in physical harm"; and "[a]s a direct, immediate, and proximate result of Defendant's conduct, Plaintiff sustained severe injuries including pain, suffering, discomfort, and emotional distress, which will continue to cause Plaintiff pain, suffering, discomfort, and emotional distress"), *with Carlton v. Brown*, 2014 UT 6, ¶ 55, 323 P.3d 571 ("In order to prevail on a claim for negligent infliction of emotional distress, the plaintiff must show the following: 'If an actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor (a) should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and (b) from facts known to him, should have realized that the distress, if it were caused, might result in illness or bodily harm.'") (quoting *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 57, 116 P.3d 323).

[46] *VDARE Found.*, 11 F.4th at 1159.

and even less to show the beeping "would result in bodily harm."[47] The Complaint, standing alone, simply contains insurmountable gaps.[48]

Finally, the Complaint asserts a claim for attorney fees. But a request for attorney fees does not constitute a separate claim. Rather, attorney fees is a form of relief available to prevailing parties in certain actions.[49] Accordingly, Horne's third claim is not viable.

## CONCLUSION

For the reasons stated above, the court concludes Horne has failed to show he is entitled to relief.[50] Accordingly, the court GRANTS[51] BioLife's Motion to Dismiss. The Clerk of Court is directed to close the case.

SO ORDERED this 17th day of August 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

[47] *Complaint* ¶ 26; *see also See Anderson Dev. Co.*, 2005 UT 36, ¶ 57.

[48] *Miller*, 948 F.2d at 1565 (stating the court determines if a "complaint alone is legally sufficient to state a claim for which relief may be granted").

[49] *See Hensley . Eckerhart*, 461 U.S. 424, 429 (1983) (affirming "the 'American Rule' that each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary" permitting the court to award reasonable attorney's fees to the prevailing party); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1199–1200 (10th Cir. 1998) (stating a request for attorney's fees "does not constitute a new claim or cause of action against defendants because recovery of fees and costs . . . is not a separate action"); *Cross Marine Proj., Inc. v. Morton Salt, Inc.*, 396 F. Supp. 3d 1037, 1039 (D. Utah 2019) ("It is well settled under Utah law that 'attorney fees are awardable only if authorized by statute or by contract.'" (quoting *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988)).

[50] *See* Fed. R. Civ. P. 8(a)(2).

[51] Dkt. 4.